**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PUREPECHA ENTERPRISES INC.,<br>an Illinois Corporation, d/b/a EL MATADOR | ) ) ) | |
| | ) | Case Number: 1:11-cv-2569 |
| Plaintiff, | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| EL MATADOR SPICES & DRY CHILES, | ) | Magistrate Judge Young B. Kim |
| a California Corporation, EL MATADOR | ) | |
| ADOBOS, L.L.C., a Texas limited liability | ) | |
| company, CARLOS RICO, JAIME PABLO | ) | |
| RICO, DARIO RICO, ROGELIO RICO, | ) | |
| ARTURO OROZCO, RUBEN OROZCO, | ) | |
| and ISRAEL GONZALES FERNANDEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| EL MATADOR ADOBOS, L.L.C. and | ) | |
| CARLOS RICO, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| PUREPECHA ENTERPRISES, INC., | ) | |
| EVERARDO MEJIA, and PETRA | ) | |
| ANGELICA RICO, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION
FOR EXTENSION OF TIME TO COMPLETE FACT DISCOVERY**

Although Defendants title their motion as one for "Extension of Time to Complete Fact

Discovery" (Docket No. 57), they actually appear to be asking for two separate and distinct

things. First, they appear to request a rearrangement of the post-fact-discovery schedule to allow

for a dispositive motion briefing period on liability issues before the taking of expert discovery.

Plaintiff and Counter-Defendants agree with this particular proposal, for the reasons described

below.  Defendants also request an extension of the fact discovery period until January 31, 2012.

Plaintiff and Counter-Defendants oppose that part of the motion, at least as it applies to written

discovery Defendants should have propounded before the original written discovery deadline.

## Dispositive Motions and Expert Discovery

Pursuant to this Court's most recent scheduling order, entered on July 28, 2011, fact

discovery is to close on November 30, 2011, expert discovery is to close on February 10, 2012,

and dispositive motions are to be filed by March 16, 2012.  Plaintiff's counsel agrees with

Defendants' counsel that expert testimony in this case is likely to be limited to calculations of

damages.  As a result, Plaintiff's counsel agrees with Defendant's counsel that it will likely be

more efficient to brief, argue and receive decisions on any motions for summary judgment as to

liability before engaging damages experts.  That way, damages experts will be able to focus only

on those areas of damages which flow from causes of action which will survive to the trial stage.

Therefore, Plaintiff and Counter-Defendants agree with Defendants' motion that the Court re-set

the expert discovery period to be *after* a schedule of briefing and arguing any dispositive motions

as to liability.

## Extension of Fact Discovery Period

Plaintiff and Counter-Defendants oppose Defendants' motion to extend the entire fact

discovery period until January 31, 2012, however, because such an extension is neither necessary

nor equitable.  Due to the way that events during fact discovery have played out, the only

practical result of such an extension of the full fact discovery period would be to reward

Defendants for their lack of diligence in taking discovery by allowing them to propound certain

specific sets of written discovery which would otherwise be time-barred.

2

Back in July, this Court set the fact discovery deadline to be November 30, 2011. The parties were required to serve any written discovery requests thirty days before that, which was on October 31, 2011. "The Federal Rules of Civil Procedure allow parties thirty days to respond to interrogatories and requests for production. Fed. R. Civ. P. 33(b)(3), 34(b). Therefore, requests must be served at least thirty days prior to a completion of discovery deadline." *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003).

Both sides (Plaintiff and Defendants) served interrogatories and document requests to the other on August 29, 2011. Counsel for Plaintiff remained mindful of the deadline for serving written discovery, and therefore served a second round of written discovery on October 31, 2011. That written discovery consisted of further interrogatories, further document requests, and requests for admissions. Counsel for Defendants served no additional written discovery on or before October 31, 2011.

On November 16, 2011, Counsel for Defendants attempted to serve a second round of written discovery, consisting of further interrogatories, further documents requests, and a set of 161 requests for admissions. Plaintiff's counsel anticipates that it will object to that entire second round of discovery as being untimely, and Plaintiff's counsel's initial review of that discovery indicates that all or most of it concerns subjects Defendants' counsel knew about or reasonably should have known about before October 31, 2011. Plaintiff's counsel believes that the entire purpose of Defendants' motion to extend the fact discovery period is to gain a "free pass" for that untimely written discovery, without having to explain or justify their clear lack of diligence.

Defendants' professed concern about needing to take depositions from third-party witnesses is not a valid reason to extend the entire fact discovery period until January 31, 2012.

3

As indicated in the email messages in Exhibit C to Defendants' motion, counsel are in agreement that the parties may take depositions after November 30, 2011. In fact, counsel for Plaintiff and Defendants have already discussed scheduling a number of specific depositions in the first couple weeks of December. In the view of Plaintiff's counsel, this was a reasonable alternative to trying to cram all of the remaining depositions into November, particularly in light of the Thanksgiving holiday and the scheduling problems it creates. However, the parties' agreement to finish up depositions after November 30, 2011 is <u>not</u> the same thing as an agreement to allow Defendants free rein to take written discovery on topics they should have investigated earlier in the discovery process.

Defendants' motion makes a vague reference to depositions in this case revealing new information which "requir[ed] additional written discovery requests." Defendants' Motion, ¶ 4. Tellingly, however, Defendants offer no specifics on what that alleged new information was, or which otherwise untimely written discovery requests it prompted. Plaintiff's counsel seriously doubts that Defendants' counsel can justify its November written discovery requests on these grounds, but in any case the proper procedure for testing those claims would be on a motion to compel specific discovery responses after the parties have conferred on the factual basis Defendants' counsel believes to require the new requests. That has not happened, and Defendants should not be allowed to circumvent that process by simply seeking to extend the entire fact discovery period.

Plaintiff's counsel finds it ironic that Defendants are attempting to rely on *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843 (7th Cir. 2002), to justify their unnecessary request to extend the fact discovery period. *See* Defendants' Motion, ¶ 8. In *Campania*, the Seventh Circuit actually affirmed the trial judge's decision to make the parties adhere to a fact

4

discovery deadline.  There, the Seventh Circuit reiterated that "Courts have a legitimate interest in ensuring that the parties abide by scheduling orders to ensure prompt and orderly litigation." *Id*. at 851 (citing *United States v. 1948 S. MLK Dr*., 270 F.3d 1102, 1110 (7th Cir. 2001)).  It also stated that "We encourage the district courts to use a firm hand when shepherding cases to trial, carefully and thoughtfully adhering to the deadlines established …."  *Campania*, 290 F.3d at 851-52.  In the present case, this Court should ensure that Defendants adhere to the established deadline for propounding written fact discovery by denying Defendant's gambit to expand the entire fact discovery process through January 31, 2012.

It is unnecessary to extend the fact discovery period in this case until January 31, 2012, because the parties have agreed to finish necessary depositions even without such an extension, and because the parties had a fair and adequate time in which to propound written discovery. Making that extension would be inequitable because it would reward Defendants for their lack of diligence in failing to serve written discovery within the time frame set by this Court.  The fact discovery deadline should remain at November 30, 2011.

<u>Conclusion</u>

Plaintiff Purepecha Enterprises, Inc. and Counter-Defendants Everardo Mejia and Petra

Angelica Rico agree with Defendants' motion to re-set the expert discovery period to be after a

schedule of briefing and arguing any dispositive motions as to liability.  At the same time,

Plaintiff and Counter-Defendants oppose Defendants' motion to extend the fact discovery period

until January 31, 2012, for the reasons discussed above.

Respectfully submitted,

PUREPECHA ENTERPRISES, INC.,
EVERARDO MEJIA, and PETRA
ANGELICA RICO

Date:   November 25, 2011                    By:___ s/  Mark R. Bagley_____ _
                                                  Mark R. Bagley
                                                  Brett M. Tolpin
                                                  TOLPIN & PARTNERS, PC
                                                  11 South LaSalle Street, Suite 2900
                                                  Chicago, Illinois 60603
                                                  (312) 698-8971

                                                  Hazel Espinar
                                                  ESPINAR & ASSOCIATES, PC
                                                  65 W. Jackson Blvd., No 119
                                                  Chicago, Illinois 60604
                                                  (312) 578-0907

                                                  Attorneys for Plaintiff and Counter-
                                                  Defendants PUREPECHA
                                                  ENTERPRISES, INC., EVERARDO
                                                  MEJIA, and PETRA ANGELICA
                                                  RICO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLETE FACT DISCOVERY** was served via the Northern District of Illinois electronic filing system to:

> Thomas White
> Sailesh K. Patel
> Rachel Sifuentes
> Brian O. Watson
> SCHIFF HARDIN LLP
> 233 S. Wacker Drive, Suite 6600
> Chicago, Illinois 60606

on this 25th day of November, 2011.


                                        s/  Mark R. Bagley
                                        Mark R. Bagley