IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PUREPECHA ENTERPRISES INC., an Illinois Corporation, d/b/a EL MATADOR,<br><br>   Plaintiff,<br>  v.<br><br>EL MATADOR SPICES & DRY CHILES, a California Corporation, EL MATADOR ADOBOS, L.L.C., a Texas limited liability company, CARLOS RICO, JAIME PABLO RICO, DARIO RICO, ROGELIO RICO, ARTURO OROZCO, RUBEN OROZCO, and ISRAEL GONZALES FERNANDEZ,<br><br>   Defendants. | Case No. 11 C 2569 |

**PERMANENT INJUNCTION ORDER**

AMY J. ST. EVE, District Court Judge:

  This matter having come before the Court on Defendants' default, the Court entering default judgment on Counts I, II, III, IV, and VIII of Plaintiff Purepecha Enterprises, Inc.'s Complaint, and the Court now finding that Purepecha will suffer irreparable harm if an injunction is not entered, that no adequate remedy at law exists, and that the public interest and the relevant balance of hardships are in Purepecha's favor,

  It is HEREBY ORDERED that Defendants, El Matador Adobos L.L.C., Carlos Rico, Jaime Pablo Rico, Dario Rico, Rogelio Rico, Arturo Orozco, Ruben Orozco and Israel Gonzales Fernandez, are enjoined and restrained, together with their administrators, officers, directors, agents, principals, shareholders, servants, representatives, employees, parents, subsidiaries, affiliates, related companies, licensees, successors, assigns, assignees, and all persons or entities

in active concert or participation therewith having notice of this order, from doing, causing, aiding or abetting any of the following:

    (a)    any and all use of the terms EL MATADOR, MATADOR BROTHERS or any other confusingly similar term in any trademark, service mark, trade name, company name, or other designation used as an identifier for Defendants' goods or services, whether alone or in combination with any other words, names, symbols or devices;

    (b)    any and all use of the logo showing a man with a red cape which is part of U.S. Trademark Registration No. 3,942,992 (the "Bullfighter Logo") or any other confusingly similar designs in any trademark, service mark, trade name, company name, or other designation used as an identifier for Defendants' goods or services, whether alone or in combination with any other words, names, symbols or devices;

    (c)    directly or indirectly infringing Plaintiff's trademarks;

    (d)    engaging in any acts or activities that, directly or indirectly, trade upon the reputation or goodwill of Plaintiff or its trademarks;

    (e)    using in the offering or sale of goods or services, or the promotion, advertising, marketing, catalogs, signage, letterhead, business cards, promotional items, promotional materials, email addresses, websites or other materials in any media whatsoever the words EL MATADOR or MATADOR BROTHERS, whether alone or in combination with any other words, names, symbols or devices, to identify or refer to Defendants' spices, spice mix, marinade, or food and beverage products or services in connection with these goods;

(f) using in the offering or sale of goods or services, or the promotion, advertising, marketing, catalogs, signage, letterhead, business cards, promotional items, promotional materials, email addresses, websites or other materials in any media whatsoever the Bullfighter Logo, whether alone or in combination with any other words, names, symbols or devices, to identify or refer to Defendants' spices, spice mix, marinade, or food and beverage products or services in connection with these goods;

(g) using in the offering or sale of goods or services, or the promotion, advertising, marketing, catalogs, signage, letterhead, business cards, promotional items, promotional materials, email addresses, websites or other materials in any media whatsoever any wording, designation or statement stating or implying that any of Defendants are or were approved by, sponsored by, or otherwise associated, affiliated or connected with Plaintiff, EL MATADOR, MATADOR BROTHERS, or the Bullfighter Logo;

(h) passing off, inducing, or enabling others to pass off its products as authorized, or otherwise emanating from or sponsored by Plaintiff;

(i) using in any manner the designation EL MATADOR or MATADOR BROTHERS or any other designation or mark that is identical to or confusingly similar to the Plaintiff's marks, as a domain name, directory name, or other such computer address, in buried code, search terms, keywords, key terms, hits generating pages, metatags on any web pages for any websites owned, maintained, sponsored or approved by, associated with, or under the control of Defendants;

(j) using any form of advertising such as email marketing or website or search engine coding (e.g. adwords, metatags, search terms, keywords, key terms, hits generating page or code on the internet) containing any terms incorporating the terms EL MATADOR, MATADOR BROTHERS or any confusingly similar terms or wording;

(k) committing any other acts likely to cause purchasers or consumers of Plaintiff's or Defendants' goods to believe that Defendants' goods are affiliated, associated or connected with Plaintiff or Plaintiff's registered marks EL MATADOR, MATADOR BROTHERS, or the Bullfighter Logo;

(l) doing any other act or thing likely to confuse, mislead or deceive others into believing that Defendants or their products originate from or are associated with or authorized by Plaintiff; or

(m) making false statements, disparaging or casting Purepecha, its services, products or owners in a negative light to Defendants' or Plaintiff's customers or potential customers.

Defendants are hereby ordered to immediately delete and remove all references to EL MATADOR, MATADOR BROTHERS and/or the Bullfighter Logo from any and all advertisements, employment listings, signs, letterhead, keywords, search words, metatags, promotional materials in any media, and websites owned, maintained, sponsored or approved by, or otherwise associated with or under the control of any Defendant. Defendants are further

ordered to immediately deliver up for destruction all packaging, labels, tags, containers, point of sale displays and/or printed material containing any reference to EL MATADOR, MATADOR BROTHERS and the Bullfighter Logo.

So Ordered:

By: _____
Judge Amy J. St. Eve

Date:  **July 8, 2013**

5